# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 19-50396
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

December 12, 2019

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

MILTON MAYORGA, also known as Carlos Cordero-Hoffman, also known as Milton Javier Mayorga-Cordero,

Defendant-Appellant

Appeals from the United States District Court
for the Western District of Texas
USDC No. 1:17-CR-114-1

Before SMITH, DENNIS, and DUNCAN, Circuit Judges.

PER CURIAM:*

Milton Mayorga appeals his conviction for illegal reentry into the United States after removal. He challenges the district court's denial of his motion to dismiss the indictment, arguing that the indictment was invalid because the notice to appear in his removal proceedings was defective because it failed to specify a time and date for his removal hearing, and that the removal order

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 19-50396

was thus void. Although Mayorga concedes that the issue is foreclosed by *United States v. Pedroza-Rocha*, 933 F.3d 490 (5th Cir. 2019) *petition for cert. filed* (U.S. Nov. 6, 2019) (No.19-6588), and *Pierre-Paul v. Barr*, 930 F.3d 684, 689-93 (5th Cir. 2019), he wishes to preserve it for further review. The Government has filed an unopposed motion for summary affirmance, agreeing that the issue is foreclosed under *Pedroza-Rocha* and *Pierre-Paul*. Alternately, the Government requests an extension of time to file its brief.

In *Pedroza-Rocha*, this court applied *Pierre-Paul* to conclude that the notice to appear was not rendered deficient because it did not specify a date for the hearing, that any such alleged deficiency had not deprived the immigration court of jurisdiction, and that Pedroza-Rocha could not collaterally attack his notice to appear without first exhausting his administrative remedies. 933 F.3d at 496-98. Mayorga's arguments are, as he concedes, foreclosed by this case. *See id.* Because the Government's position "is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case," *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969), the Government's motion for summary affirmance is GRANTED, the Government's alternative motion for an extension of time to file a brief is DENIED, and the judgment of the district court is AFFIRMED.